J-A19004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONNA JOHNSTONE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT JOHNSTONE, | |
| Appellee | No. 3513 EDA 2016 |

Appeal from the Order Entered October 11, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2011-009184

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED OCTOBER 26, 2017**

Donna Johnstone (Appellant) appeals from the October 11, 2016 order granting Robert Johnstone's (Appellee) motion for supplemental award of attorney fees and costs and entering judgment in Appellee's favor in the sum of $59,564.10.  After review, we affirm.

The parties were married in 1994 and were divorced in December of 2009.  Their divorce decree incorporated an initial property settlement agreement (PSA) and a supplemental PSA.  In 2011, Appellant filed suit against Appellee alleging breach of contract and fraud in the inducement, based on her allegations that Appellee had failed to disclose assets. Appellee counterclaimed and requested an award of attorney fees, based on a breach of a confidentiality agreement and a non-disclosure agreement that the parties had entered.  In January of 2014, the trial court granted the

motion for summary judgment in Appellee's favor. After a hearing was held, the court awarded attorney fees to Appellee. Appellant's appeal to this Court and the refusal by the Supreme Court to hear the case resulted in an affirmance of the trial court's decision. *See Johnstone v. Johnstone*, 134 A.3d 493 (Pa. Super. 2015) (unpublished memorandum) (*Johnstone I*), *appeal denied*, 145 A.3d 727 (Pa. 2016).

On September 27, 2016, Appellee filed the supplemental motion for attorney fees that is now at issue before this Court. Essentially, Appellee's supplemental motion requested reimbursement for the sums expended since the original, October 2014 award. Following the submission of Appellant's timely filed answer, the trial court awarded the requested supplemental attorney fees and costs to Appellee.

Appellant filed the instant appeal, raising one issue for our review:

> Where a litigant is seeking an award of counsel fees from another party to litigation, is there a constitutional right to due process including an opportunity for a hearing?

Appellant's brief at 4.[1]

---

[1] During the pendency of this appeal, Mark R. Ashton, Esq., the attorney for Appellant, filed a motion to withdraw as counsel. In light of this Court's decision in this matter, we conclude that Attorney Ashton's request is moot and is in essence granted. Additionally, Thomas P. Gannon, Esq., co-counsel for Appellant, filed a motion to dismiss the appeal and reverse judgment. That motion appears to assert that several open motions were pending before the trial court at the time it entered final judgment. We deny that motion, concluding Appellant has waived any issue regarding such open motions before the trial court by failing to raise that issue in this appeal. *See* Appellant's Pa.R.A.P. 1925(b) Statement of Errors Complained of on

*(Footnote Continued Next Page)*

As noted in *Johnstone I*, an award of attorney fees and costs are reviewed for an abuse of discretion. *See Busse v. Busse*, 921 A.2d 1248, 1258 (Pa. Super. 2007). We have reviewed the extensive certified record, the briefs of the parties, the applicable law, and the thorough opinion authored by the Honorable Charles B. Burr, II, of the Court of Common Pleas of Delaware County, dated March 10, 2017. We conclude that Judge Burr's well-reasoned opinion accurately disposes of the issue presented by Appellant and we discern no abuse of discretion. Accordingly, we adopt Judge Burr's opinion as our own for purposes of appellate review and affirm the order from which this appeal arose.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2017

*(Footnote Continued)* ───────────

Appeal (stating only that "[t]he [c]ourt erred in making an award of attorneys' fees where the award was contested without a hearing on the matter and where the reasonableness of a counsel fee application is a judicial responsibility[]"). *See also Balicki v. Balicki*, 4 A.3d 654, 661 (Pa. Super. 2010) (stating, issue waived for failure to raise it in Pa.R.A.P. 1925(b) statement).

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

DONNA JOHNSTONE              :     No. 11-09184

                                     :     PA Superior Court Docketing Number
                                     :     3513 EDA 2016

V.                           :

                                     :

ROBERT JOHNSTONE            :

MARK R. ASHTON, ESQUIRE, Attorney for the Plaintiff.
JANE M. SHIELDS, ESQUIRE, Attorney for the Defendant.

## OPINION

BURR, S.J.                                            FILED:      March 10, 2017

The Plaintiff, Donna Johnstone, has appealed from this Court's Order granting the

Defendant's, Robert Johnstone, Motion for Supplemental Award of Attorney Fees in this action

emanating from the parties' marital divorce, contending only that the Defendant's Motion was

granted in the absence of a hearing.  This appeal follows affirmance by the Pennsylvania

Superior Court of this Court's dismissal of the Plaintiff's Amended Complaint with prejudice,

and its determination that the Plaintiff was required to provide counsel fees and costs to the

Defendant pursuant to the express terms of the parties' Property Settlement Agreements.  This

award was deemed to have been warranted pursuant to the case authority of Lugg v. Lugg, 64

A.3d 1109 (Pa.Super. 2013), because the Plaintiff was found to have breached those Agreements

by bringing suit after expressly releasing all potential claims and waiving her right to discovery

of grounds therefor in exchange for substantial financial consideration. The protracted history of

this litigation is exhaustively set forth in this Court's Opinion filed on January 14, 2015 and in

the Superior Court's affirmance of the appealed from Orders, including the granting of the

Defendant's Motion for Attorney Fees and Costs. Johnstone v. Johnstone, 102 Del. 163 (April

17, 2015), *aff'd.*, 134 A.3d 493 (Pa. Super. 2015)(Table), 2015 WL 7185893 (Pa. Super. 2015)(non-precedential, unpublished opinion), *alloc. den.*, 145 A.2d 727 (Pa. 2016)(Table).

Portions of the foregoing unpublished memorandum opinion in this case, written by Judge Anne E. Lazarus of the Pennsylvania Superior Court, are recapitulated here merely for the purpose of setting forth the following material that is germane to the instant appeal[1]:

> "Donna Johnstone (Wife) appeals from the following orders of the Court of Common Pleas of Delaware County: . . .(4) the October 14, 2014 order awarding reasonable counsel fees, costs and expenses to Husband in the amount of $189,699.58 because of Wife's breach of the parties' property settlement agreements (PSAs). After careful review, we affirm each of the trial court's orders.
>
> The parties were married in 1994, and separated in 2006. On March 20, 2009, they signed a PSA, which contains the following relevant provisions:
>
> \*\*\*\*\*
>
> 16. *Fees in the Event of Breach of Agreement*
>
> In the event that either party breaches any provision of this Agreement and the other party retains counsel to assist in enforcing the terms thereof, the parties hereby agree that the breaching party will pay all attorneys fees, court costs and expenses which are incurred by the other party in enforcing the Agreement, whether enforcement is ultimately achieved by litigation or by amicable resolution. It is the specific agreement and intent of the parties that a breaching or wrongdoing party shall bear the obligation of any and all attorneys fees, court costs and expenses incurred by the other in protecting and enforcing his or her rights under this Agreement.
>
> PSA, 3/20/09, at 28, 31.
>
> Shortly thereafter, on April 23, 2009, the parties signed a stipulation setting forth conditions under which Wife agreed to sign joint tax returns for 2008. Within weeks of executing the PSA, Wife became concerned that Husband had failed to disclose certain

---

[1] "Superior Court Internal Operating Procedures, § 65.37, 42 Pa.C.S.A. - Unpublished Memoranda Decisions

A. An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel. . .." *Id.*

2

assets. As a result, the parties entered into a supplemental PSA, which they signed on November 23, 2009. Under the supplemental PSA, Wife received an additional $200,000 and increased alimony for one year totaling approximately $99,000.

The supplemental PSA contains the following relevant provisions:

\*\*\*\*\*

Wife confirms that she is entering into this Supplemental Property Settlement Agreement freely and voluntarily. Wife confirms that her execution of this Supplemental Property Settlement Agreement is not the result of any duress, undue influence, collusion or improper or illegal agreement or agreements. Finally, Wife confirms that she has had adequate time to fully consider her rights and obligations under this Supplemental Property Settlement Agreement before executing it.

3. *Financial Disclosures*

Husband and Wife acknowledge and agree that they are aware of the nature, extent, and value of all assets, liabilities and income of the other party. Wife represents and warrants that she has additionally made certain independent investigations with regard to Husband's income, business interests, assets and liabilities. Wife acknowledges that she is aware that, but for the Settlement Documents and this Supplemental Property Settlement Agreement, she would be entitled to additional formal discovery including, but not limited to, review of documents, inspections, appraisals, interrogatories, depositions, and other discovery permitted by Rules of Civil Procedure or the Court in the Divorce Action. Wife knowingly, voluntarily, expressly, and intelligently waived her right (if any) to any additional financial disclosure of the property, income or financial obligations of Husband beyond the disclosure heretofore provided. In addition, Wife specifically and knowingly waives her right to contest the validity of the Settlement Documents or this Supplemental Property Settlement Agreement on the grounds of any lack of a full and fair disclosure. Husband knowingly, voluntarily, expressly and intelligently waives his right (if any) to contest the validity of the Settlement Documents or this Supplemental Property Settlement Agreement on the grounds of any lack of a full and fair disclosure.

4. *Mutual General Releases*

a. Except as herein provided for and except as otherwise provided for in the Settlement Documents, Wife hereby remises, releases, and forever discharges Husband together with his successors and assigns from all claims, causes of action, damages, demands, suits, sums of money, accounts, costs and expenses of whatever kind and nature, known and unknown, whether in contract, tort or otherwise, whether statutory or common law, at law or in equity which Wife ever had against Husband including but not limited to the claims asserted in the Divorce Action.

Supplemental PSA, 11/23/09, at 2–5.

3

*****

On appeal, Wife raises the following issues for our review:

1. Whether a warranty of disclosure of all assets and liabilities in a marital property agreement, together with a penalty provision for failure to disclose such assets, is enforceable despite language in the same agreement relating to a waiver and release of marital claims and, if not, does it create an ambiguous agreement.

2. Whether [Husband] is entitled to an award of counsel fees because [Wife] attempted to enforce the warranty and penalty provisions under the marital property settlement agreement.

*****

Wife . . . asserts that the trial court erred in relying on Lugg v. Lugg, 64 A.3d 1109 (Pa.Super. 2013), in support of its order granting Husband's motion for summary judgment. In Lugg, this Court rejected "the assertion that economic disclosure cannot be waived because the party waiving disclosure does not know the extent of what is being waived." Id. at 1112. Rather, "there is no prohibition against the waiver of economic disclosure." Id. at 1113.

As the trial court noted:

In the case *sub judice*, [Wife] attempted to distinguish Lugg [ ], with the contention that she is not attempting to void the Settlement documents, but to enforce the 'Warranty of Disclosure,' a right that clear and express language of the Supplemental Property Settlement Agreement, nevertheless, unambiguously modified and waived. [Wife] is currently seeking to fault the [c]ourt for employing Lugg as authority against her *ex post facto*. However, an examination of: (a) the wording of the Supplemental Property Settlement Agreement and the circumstances surrounding its execution; (b) the express intentions of the parties to release each other from further such claims and to end the divorce litigation between them; and (c) the bestowing of an additional $299,000.00, including future alimony payments, as consideration for [Wife] entering into that Agreement with its express waiver of further and/or future discovery into [Husband's] assets; and (d) her release of future claims of failure by [Husband] to disclose its assets, rendered it entirely reasonable to conclude that such provisions were enforceable even without the guidance afforded by the case authority of Lugg [ ].

Trial Court Opinion, 1/14/15, at 17–18.

The trial court's conclusion that Wife waived economic disclosure and relinquished the right to sue for a breach of the warranty of disclosure in the original PSA is a correct

4

interpretation of the contract and is supported in the record. Accordingly, Wife has failed to establish a right to relief.

\*\*\*\*\*

Wife's final claim is that the trial court erred by concluding that Husband was entitled to counsel fees. We review an award of counsel fees and costs only for an abuse of discretion. *See* Busse v. Busse, 921 A.2d 1248, 1258 (Pa.Super.2007). As previously noted, the PSA contains the following provision entitled "Fees in the Event of Breach of Agreement":

> It is the specific agreement and intent of the parties that a breaching or wrongdoing party shall bear the obligation of any and all attorneys fees, court costs and expenses incurred by the other in protecting and enforcing his or her rights under this Agreement.

PSA, 3/20/09, at 31.

Read in conjunction with the 'Mutual General Releases' provision of the PSA, which provides in relevant part that 'Wife discharges Husband ... from all claims ... known and unknown,' the Court reasonably concluded that 'Wife had failed to comply with the terms of the Supplemental [PSA] by suing [Husband] over a claim of undisclosed assets after she had expressly and voluntarily waived her ability to do so in the future.' Trial Court Opinion, 1/14/15, at 25.

The trial court also awarded counsel fees and costs based on the Divorce Code, 23 Pa.C.S. §§ 3101–3904 (the Code). Section 3105(a) of the Code provides:

### § 3105. Effect of agreement between parties

(a) Enforcement.—A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 Pa.C.S. § 3105(a).

Section 3502 of the Code provides, in relevant part:

### § 3502. Equitable distribution of marital property

Powers of the court.—If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:

...

5

(7) award counsel fees and costs[.] 23 Pa.C.S. § 3502(e)(7).

In Miller v. Miller, 983 A.2d 736 (Pa. Super. 2009), this Court held that where a party incurs significant fees to enforce a provision regarding the parties' economic obligations, the court is empowered to award fees. Accordingly, the trial court did not abuse its discretion in concluding that Husband was entitled to fees and costs under the parties' agreements and the Divorce Code.

Orders affirmed." Johnstone v. Johnstone, 2015 WL 7185893 at *1 through *7. (Emphasis supplied).

Shortly after the Pennsylvania Supreme Court denied allowance of the Plaintiff's appeal from the Pennsylvania Superior Court's affirmance of the Orders of this Court and the record was remitted to the jurisdiction of this Court, the Defendant filed a Motion for a Supplemental Award of Attorney Fees and Costs, the granting of which is the subject of this appeal. The Defendant cited the work of his attorney in meeting the requirements necessary to address and respond to the Plaintiff's numerous additional procedural activities through September of 2016 that followed the period covered by this Court's Order granting the initial award of attorney fees and costs, and culminated with the denial of the Plaintiff's petition for allowance of appeal to the Pennsylvania Supreme Court. (Defendant's Motion for Supplemental Award of Attorney Fees and Costs, ¶¶ 1-11). The Defendant submitted copies of invoices representing the billing of the sum of $59,564.10 in attorney fees, costs and expenses incurred following this Court's entry of Judgment against the Plaintiff on the Defendant's Counterclaims on July 28, 2014 through the Pennsylvania Supreme Court's denial of *allocatur* and remittance of the record to this court in September of 2016 above the $189,699.58 previously awarded. (*Id.*, ¶¶ 12-13; Exhibits 10 – Invoices and 11 – Summary of Invoices). The Defendant averred that the sum of the requested supplemental fees, costs and expenses was reasonable and awardable pursuant to the parties' Property Settlement Agreements of March 20. 2009 and November 23,

6

2009 and the Pennsylvania Divorce Code, 23 Pa. C.S. §§ 3015 and 3502(e)(7). (*Id.*).

The Defendant submitted a thorough Brief in Support of Requested Supplemental Award of Attorney Fees and Costs wherein he parsed the following factors to be considered in determining the reasonableness of the claimed sums, as set forth in the case authority of *In re Trust Estate of Joe LaRocca*, 431 Pa. 542, 246 A.2d 337, 339 (1968).[2] (*Id.*, unnumbered pp. 3-7).

- The amount of work performed and the character of the services rendered:

  The invoices, docket entries and court record since July 1, 2014 adduce that counsel for the Defendant sought and secured an award of attorney fees and costs and attempted to collect on that judgment because the Plaintiff had not filed an appellate bond, nor moved for entry of a supersedeas order at the time of filing the Notice of Appeal in this action. Eventually a bond in the amount of $228,000 was posted. The Plaintiff was unsuccessful on appeal to the Superior court, and this Court's Orders granting summary judgment in favor of the Defendant were affirmed. Plaintiff subsequently filed for reconsideration by the Superior Court and allowance of appeal by the Pennsylvania Supreme Court, both of which were denied and the case was returned to this Court.

- The difficulty of the problems involved:

  The Plaintiff's many submissions throughout the period of the appellate process entailed the many hours of work in the preparation and provision of responses thereto that are properly reflected in the invoices appended as Exhibit 10 to the within Petition.

- The importance of the litigation and the amount of money or value of the property in question:

  The Plaintiff was seeking the value of assets in the amount of $3,206,529.00 that she claimed were undisclosed by the Defendant in breach of the parties' Property Settlement Agreements, in addition to $2,500,000 in cash, $334,440.00 in alimony and child support in the amount of $10,000.00 per month that had been previously granted along with the couple's marital home and a residence in Ocean City, New Jersey pursuant to the Agreements.

---

[2]    This Court enumerated the LaRocca factors when discussing the initial attorney fees award in its Opinion filed for submission to the Pennsylvania Superior Court on January 14, 2015: "[t]he Pennsylvania Supreme Court enunciated the following well-established factors needing to be examined by a court in determining a fair and reasonable fee or compensation payable to an attorney: "the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question." *In re Trust Estate of Joe LaRocca*, 431 Pa. 542, 246 A.2d 337, 339 (1968)." *Johnstone v. Johnstone, supra*, 102 Del. at 179, fn 4.

- The degree of responsibility incurred:

  The Defendant would have been solely responsible for the cash and assets, as well as for all attorney fees, costs and expenses if the Plaintiff had prevailed in this action.

- Whether the fund involved was created by the attorney:

  Here, no such fund was created as where there is an underlying personal injury action. However, the question is the amount of fees, costs and expenses to be shifted from the Defendant to the Plaintiff.

- The professional skill and standing of the attorney in the profession:

  In addition to the Exhibits provided in the within Motion, the Defendant supplied to the Court and Plaintiff's counsel the biographies of the three lead attorneys for the Defendant to attest to their experience and standing in the legal community. These Exhibits, marked D-12 through D-14, were admitted into evidence at the prior fees hearing of August 14, 2014 but remained unchallenged by the Plaintiff.

- The results counsel were able to obtain:

  Counsel for the Defendant secured the dismissal with prejudice of all of the Plaintiff's claims against him and entry of summary judgment in his favor on his counterclaims, as well as success on the Plaintiff's appeal to the Pennsylvania Superior Court and on her Petition for Allowance of Appeal to the Pennsylvania Supreme Court, and thus vindication of the Defendant's rights under the parties' Property Settlement Agreements at both the trial and the appellate levels.

- The ability of the client to pay a reasonable fee for the services rendered

  The Plaintiff will ultimately receive $2,500,000.00 in cash, a total of $334,440.00 in alimony payments, together with $10,000.00 in monthly child support, as well as two homes. She has the resources to pay the reasonable attorney fees, costs and expenses incurred and paid by the Defendant in this litigation.

- Very importantly, the amount of money or the value of the property in question

  The value and nature of the assets and interests at stake here are substantial: they total $3,206,529.00. This significant value justified the attention and effort devoted to this action by counsel for the Defendant. (Defendant's Brief in Support of Requested Supplemental Award of Attorney Fees and Costs, unnumbered pp. 3-7, referencing the determinative factors from *In re Trust Estate of Joe LaRocca, supra,* 246 A.2d at 339; and Exhibits D-12 – D-14 – Biographies of Counsel for the Defendants – appended thereto).

8

All tolled, the Defendant submitted eleven exhibits in support of this Motion for Supplemental Award of Attorney Fees and Costs which included copies of the Orders of this Court dispensing of this litigation *sub judice* (Exhibits 1 through 3); the docketing sheet for this appeal entered in the Pennsylvania Superior Court (Exhibit 4); the docket of this court from the beginning through the end of this litigation (Exhibit 5); the non-precedential, unpublished opinion authored by Judge Anne E. Lazarus of the Pennsylvania Superior Court filed on November 16, 2015 (Exhibit 6); Plaintiff's Brief in support of her plea for Reargument en Banc before the Pennsylvania Superior Court (Exhibit 7)[3]; the docketing sheet for the Plaintiff's appeal to the Pennsylvania Supreme Court from the Pennsylvania Superior Court's affirmance of the Orders of this Court (Exhibit 8); the Order of the Pennsylvania Supreme Court denying the Plaintiff's Petition for Allowance of Appeal, filed on August 24, 2016 (Exhibit 9); and the above-mentioned invoices and summary of invoices for counsel for the Defendant (Exhibits 10 and 11). The Defendant additionally provided this Court and Plaintiff's counsel with copies of the invoices submitted into evidence at the Hearing on his first Petition for Counsel Fees, as well as the copies of the Biographies of the three Attorneys who have represented the Defendant throughout this litigation: Jane M. Shields, Esquire, Lance J. Nelson, Esquire and Alfred A. Gollatz, Esquire. A review of the entirety of the invoices submitted to the Court adduces no difference in the rates charged by any of these practioners for the variable sorts of work charged

---

[3]    It is here noted that the Plaintiff submitted no claim or argument in that Brief asserting that the Pennsylvania Superior Court's affirmance of this Court's Order granting attorney fees, costs and expenses to the Defendant was improper. The Plaintiff instead submitted argument supporting her contention that she had not waived any enforcement rights when executing the parties' Agreements because "the warranty and forfeiture provisions were meant to survive what was otherwise a medication [sic]." (Plaintiff's Brief in Support of Reargument before the Pennsylvania Superior Court en Banc, pp. 9-10 and *passim*, appended as Exhibit 7 to the Defendant's Motion for Award of Supplemental Attorney Fees, Costs and Expenses).

prior to the Plaintiff's appeal and afterward.

The Defendant concluded the argument submitted in his Brief in Support of Requested Supplemental Award of Attorney Fees and Costs as follows:

"This action should never have been commenced by [the Plaintiff]. The enormous stakes in this case, more than $3,000,00.00 in cash and assets, required intense effort by counsel for [the Defendant] to sharpen the issues on appeal to aid the Superior Court and Supreme Court in considering the rambling briefs, motions and petitions filed by counsel for [the Plaintiff]. The result was complete affirmance of the Court's Orders by the Superior Court, and denial by the Supreme Court of [the Plaintiff's] petition for allowance of appeal. While the fees, costs and expenses incurred by [the Defendant between August of 2014 and September of 2016] are significant, they are reasonable in light of the claims made and pressed on behalf of [the Plaintiff] in this [C]ourt, the Superior Court and Supreme Court." (*Id.*, unnumbered pp. 7-8).

Shockingly, although unsurprisingly, given the Plaintiff's failure to effectively challenge the Defendant's initial Motion for Attorney Fees, Costs and Expenses despite the availability of a Hearing at which to present evidentiary proof against the Defendant's claim, the Plaintiff presented a mere two page barebones and boilerplate Answer to the Defendant's Motion for Supplemental Award of Attorney Fees and Costs, and no Brief or Memorandum of Law whatsoever in support thereof. In her Answer filed on October 7, 2016, the Plaintiff admitted the Defendant's averments set forth in Paragraphs 1 through 10 as to the procedural steps taken by the Plaintiff in this case from which the Defendant's request for additional fees arose. (*Id.*). The Plaintiff then presented only general denials stating that: "Plaintiff is without knowledge or information to form a belief as to the truth of the averment[s]" expressed in Paragraphs 11 through 13 of the Defendant's Motion wherein it was alleged the amount of the additional fees, costs and expenses being sought, as well as argument that they are reasonably and legally supported. (*Id.*, pp. 1-2). Further, the Plaintiff made no request, nor demand, for a Hearing in her Answer to the within Motion.

10

This Court subsequently entered the following Order from which this appeal has been taken by the Plaintiff:

"AND NOW, this 11th day of October, 2016, upon consideration of Counterclaim Plaintiff's, Robert Johnstone, Motion for Supplemental Award of Attorney Fees and Costs, and Counterclaim Defendant's, Donna Johnstone, Answer thereto, it is hereby ORDERED and DECREED that said Motion will be, and hereby is, **GRANTED**

IT IS FURTHER ORDERED and DECREED that **JUDGMENT** will be, and hereby is, entered in favor of Counterclaim Plaintiff, Robert Johnstone, and against Counterclaim Defendant, Donna Johnstone, in the sum of an additional $59,564.10 for breach of the Settlement Agreements of March 20, 2009 and November 23, 2009 and pursuant to the Pennsylvania Divorce Code, 23 Pa. C.S. §§3015 and 3502(e)(7). The court finds that this sum comprises the reasonable attorney fees, costs and expenses that Robert Johnstone has incurred and paid after July 1, 2014 in enforcing the Property Settlement Agreement and Supplemental Property Settlement Agreement between the parties.

BY THE COURT:

/s/CHARLES B. BURR, II   S. J."

The Plaintiff has submitted the following Concise Statement of Matters Complained of on Appeal:

"1. Defendant[] filed a Motion for Award of Attorneys' Fees on September 28, 2016.

2. Plaintiff filed an Answer to the Motion on October 7, 2016 contesting the proposed award.

3. The Court ruled on the Motion and granted the award on October 11, 2016.

4. The Court erred in making an award of attorneys' fees where the award was contested without a hearing on the matter and where the reasonableness of a counsel fee application is a judicial responsibility. McMullen v. Kutz, [603 Pa. 602,] 985 A.2d 769 (2009).

## Discussion

This Court related its findings in its prior Opinion that the Plaintiff submitted no credible testimonial or documentary evidence in refutation of any of the sums claimed through invoices and exhibits submitted by the Defendant in his first petition for attorney fees, costs and expenses, and questioned only the Defendant's recollection and opinion of the pace and strategy involved in the work for which the fees and costs were claimed to be necessary, a role for which

11

the Defendant, who is not an attorney, was incompetent to assume. (8/14/14 Attorney Fees Hearing Transcript N.T. 24-61, *passim*); Johnstone v. Johnstone, *supra*, 102 Del. at 177-179. The Court thus expressed its conclusion that the "record . . . convincingly reflects that, not only did the Defendant plead and prove the totality of the sum of attorney fees, expenses and costs that were awarded, but that the Plaintiff offered only a token protest and no credible challenge whatsoever to any of the Defendant's evidence in that regard." *Id.* at 179. The Pennsylvania Superior Court, in affirming this result, wrote:

> "In Miller v. Miller, 983 A.2d 736 (Pa.Super.2009), this Court held that where a party incurs significant fees to enforce a provision regarding the parties' economic obligations, the court is empowered to award fees. Accordingly, the trial court did not abuse its discretion in concluding that Husband was entitled to fees and costs under the parties' agreements and the Divorce Code.[6]" Johnstone v. Johnstone, *supra*, 2015 WL 7185893 at *6.

The Superior Court's footnote 6 appended at the bottom of the last page of its opinion, stated that: "[w]e note that on appeal Wife does not challenge the specific amount of the costs, fees and expenses awarded by the trial court. Her argument is limited to whether the court abused its discretion in permitting the recovery of costs, fees and expenses." *Id.*, at *7, fn 6. A repetition of this history by the Plaintiff in response to the Defendant's Motion for a Supplemental Award of Attorney Fees and Costs compels the same conclusion in this instance.

The Plaintiff, nevertheless, cites to the case authority of McMullen v. Kutz, *supra*, an action in which a request for attorney fees had been reduced *sua sponte* by the trial court, to support her claim that a hearing was necessary before supplemental fees could be awarded to the Defendant by this Court. However, as eloquently stated by the former Pennsylvania Supreme Court Chief Justice, Ronald D. Castile, in his dissent to the Majority's ruling that the reasonableness of requested fees is intrinsic to a court's inquiry as to their amount, even where a

12

fee shifting contractual provision does not so require, McMullen mandates no hearing for making

such a determination:

> "Equally inexplicable is the fact that the Majority denies appellant any opportunity to prove the reasonableness of the fee. The Majority merely purports to authorize reasonableness inquiries at the trial court level and then washes its decisional hands. Nor does the Majority provide any guidance as to just how that inquiry should proceed: There is no discussion of which party has the burden of proof, the party seeking fees or the party responsible for the fees; no suggestions regarding factors trial courts should consider in making the reasonableness assessment; or even any parameters or limits on the trial court's discretion. Would a trial court's inquiry necessarily be different in cases in rural communities than in urban locations where average attorney hourly rates are likely higher? Should trial courts treat family law matters differently or the same as other civil matters? The Majority Opinion leaves all of these questions unanswered. In short, the Majority reaches out to "decide" an issue arguably not encompassed in our grant of review and one that the parties did not fully brief, and then approves a general and intrusive power without offering the bench and bar any clue concerning the actual exercise of this new, disruptive power.

> There is nothing in the record before this Court to indicate that the trial court heard any evidence regarding the reasonableness of the fee. Notably, appellant has forwarded a very modest request that, if the intrusion be approved, this Court should remand to the trial court for just such a fact-finding. The Majority says no. The result is a judicial double-blow: The Majority unnecessarily reaches out to decide a broad question of policy in a case ill-suited to the task, announcing a new rule of law allowing trial courts to *sua sponte* look outside the language of an arms' length contract and thereby drastically altering appellant's expectations; and then denies appellant any opportunity to prove the reasonableness of the fees her counsel charged, leaving intact an unmoored and unexplained fee reduction. . .." McMullen v. Kutz, *supra*, 985 A.2d 769 at 782-783.

Moreover, decisional law in this Commonwealth following McMullen imposes no

requirement of a hearing by a court in disposing of a request for attorney fees so long as other

guidelines in review thereof are followed. Citing to McMullen, the Pennsylvania Superior Court,

in Graystone Bank v. Grove Estates, L.P. *et al.*, 58 A.3d 1277, 1283-1284 (Pa. Super. 2012),

suggested the imposition of an unconscionability standard in the making of a fees inquiry:

> "Our jurisprudence is clear that even where a contract authorizes fee-shifting in a particular amount, that amount must be reasonable under the circumstances. McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769 (2009) (collecting cases from majority of states, including decisions applying to loan documents authorizing lender to recover legal

13

expenses); <u>Dollar Bank[, Fed. Sav. Bank v. Northwood Cheese Co., 431 Pa.Super.</u> 541, 637 A.2d 309 (1994)] (holding court will modify judgment and cause proper judgment to be entered where confessed judgment was entered according to contract but in excessive in amount).

It is unclear, however, whether the lower court recognized that the fee-shifting provision within the warrant of attorney was subject to a reasonableness standard. Indeed, the court states that the provision elsewhere in the agreement requiring a reasonable attorney fee for collecting on the loan was distinct, and, thus, did not 'preclude the provision allowing the award of 10% of the principal in attorney's fees in the confession of judgment and render it obsolete.' Lower court opinion at 12. At the very least, it should be demonstrated that the 10% provision as applied under the circumstances does not work the kind of unconscionable result discussed by Justice Saylor in concurrence in <u>McMullen</u>:

> Of course, any contractual provision is enforceable according to its terms only to the limits of unconscionability. *See* <u>Salley v. Option One Mortgage Corp.</u>, 592 Pa. 323, 331–32, 925 A.2d 115, 119–20 (2007). Therefore, it is beyond dispute that an unconscionable fee-shifting provision, or a provision yielding unconscionable results, should not be enforced according to its terms.

<u>McMullen</u> at 617 n. 1, 985 A.2d at 778 n. 1 (Saylor, J. concurring and dissenting)." <u>Graystone Bank v. Grove Estates, L.P. et al.</u>, *supra*, 58 A.3d at 1283-1284.

Further, the Pennsylvania Commonwealth Court opined in <u>The Arches Condominium Association v. Robinson</u>, 131 A.3d 122, 131-133 (Pa. Cmwlth. 2015) that:

"Appellate review of a trial court's order awarding attorney's fees to a litigant is *limited* solely to determining whether the trial court *palpably abused its discretion* in making a fee award." <u>The Ridings at Whitpain Homeowners Association v. Schiller</u>, 811 A.2d 1111, 1116 (Pa. Cmwlth. 2002)(quoting <u>Thunberg v. Strause</u>, 545 Pa. 607, 682 A.2d 295, 299 (1996)(emphasis added).

*****

... [A]s long as the trial court reviews the record and considers factors such as the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended, it is difficult for an appellate court to hold that a trial court abused its discretion in issuing a particular award of attorney's fees. Here, the trial court reviewed the record and considered these factors to conclude that the amount of attorney fees claimed in this matter was fair and reasonable." <u>The Arches Condominium Association v. Robinson</u>, *supra*, 131 A.3d 131-133)(referencing the factors from *In re* <u>Estate of Joe LaRocca</u>, *supra*).

14

What is problematic in assessing the merits of the Plaintiff's written Answer to this Motion is that she provides no clue as to what her objections to the Defendant's Supplemental Award of Fees' request might be. As in the previous litigation of this issue, there is no challenge to the amount of the awarded fees, costs and expenses nor, indeed, any objection that arises from any available grounds set forth in the LaRocca standards. The Plaintiff waited until filing her Concise Statement to cite to McMullen v. Kutz, *supra*, for a clearly imaginary holding regarding a hearing after the Defendant's Motion for Supplemental Award of Fees and Costs had been granted. As the Pennsylvania Superior Court emphasized in Giant Food Stores, LLC v. THF Silver Spring Development, L.P., 959 A.2d 438, 444 (Pa. Super. 2008):

> "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." Estate of Haiko v. McGinley, 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b). Failure to do so constitutes waiver of the claim. *See* Estate of Haiko, 799 A.2d at 161 (deeming issue waived for failure to include reasoned discussion of the law against which to adjudge the appellant's claims). Accordingly, Appellant's issue on appeal is waived because it has failed to set forth in its appellate brief any citation to legal authority pertaining to this argument." *Id.*

And so it must be held in the appeal *sub judice*, inasmuch as the Plaintiff never even deigned to file a Brief setting forth the legal basis to support her claim that the Defendant was not entitled to an award of supplemental fees, costs and expenses for work done in meeting and responding to the many steps necessitated by the Plaintiff's pursuit of her appellate rights to the fullest extent allowed by the courts of this Commonwealth. Finally, the Plaintiff never demanded a hearing in which her contrary views might be aired, nor provided a scintilla of information as to why a hearing might be warranted for the Defendant's Motion, that in essence, went entirely unopposed by the Plaintiff.

15

## Conclusion

The Pennsylvania Superior Court reviews property settlement agreements in divorce actions under the law of contracts, and therefore, will ascertain the intentions of the parties when interpreting the contractual agreement. *In re* Estate of Hoffman, 54 A.3d 903, 907 (Pa. Super. 2012). In cases involving a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. Kripp v. Kripp, 578 Pa. 82, 849 A.2d 1159, 1163 (2004). "When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." *Id*.

A property settlement agreement between husband and wife will be enforced by the courts in accordance with the same rules of law appling to determining the validity of contracts generally. DeWitt v. Kaiser, 335 Pa. Super. 258, 262, 484 A.2d 121, 123 (1984). Courts will strictly enforce an agreement clearly expressing an intent by divorcing parties to achieve finality in their dealings with each other. Conrady v. Conrady, 379 Pa..Super. 426, 434-435, 550 A.2d 231, 234-235 (1988). The burden of proof in setting aside a marital settlement agreement shall be upon the party alleging the agreement is unenforceable. Such an agreement shall not be enforceable if the party seeking to set aside the agreement proves, by clear and convincing evidence, that the opposing party, prior to the execution of the agreement, voluntarily and expressly waived, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure that was provided. 23 Pa.C.S.A. §3106(a)(2)(ii); Lugg v. Lugg, *supra*.

A party may be sanctioned for violating a property settlement agreement as though the agreement had been an order of the court. 23 Pa.C.S.A. §3105(a). If a party fails to comply with an order of equitable distribution or with the terms of a property settlement agreement

16

entered by the party, the court may award counsel fees and costs. 23 Pa.C.S.A §3502(e)(7). The following factors must be examined by a court when it is determining a fair and reasonable fee or compensation payable to an attorney: (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of the problems involved; (4) the importance of the litigation; (5) the amount of money or value of the property in question; (6) the degree of responsibility incurred; (7) whether the fund involved was created by the attorney; (8) the professional skill and standing of the attorney in his profession; (9) the results he was able to obtain; (10) the ability of the client to pay a reasonable fee for the services rendered; and (11) the amount of money or the value of the property in question. *In re Trust Estate of Joe LaRocca*, supra, 246 A.2d at 339. Reasonableness is always allowed to be considered in awarding attorneys' fees. McMullen v. Kutz, *supra*.

The record clearly reflects that this Court considered all of the LaRocca factors in awarding supplemental fees, costs and expenses to the Defendant that were attendant to the Plaintiff's appeals to the Pennsylvania Superior Court and the Pennsylvania Supreme Court and that this relief was neither unconscionable, nor unreasonable under the law and involved no palpable abuse of discretion. The Ridings at Whitpain Homeowners Association v. Schiller, *supra*, 811 A.2d at 1116 (quoting Thunberg v. Strause, *supra*, 682 A.2d at 299).

For all of the foregoing reasons, as well as the Plaintiff's waiver for the failure to assert the basis of her objection to the Defendant's Motion until she filed her Concise Statement of Matters Complained of on Appeal, this Court's Order granting the Defendant's Motion for Supplemental Award of Attorney Fees and Costs must not be reversed on appeal.

BY THE COURT:

CHARLES B. BURR, II          S.J.
17